114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin PRINCE, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.d
 No. 95-3842.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 1, 1997.*
Rehearing Denied May 20, 1997.
Decided April 24, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Kevin Prince appeals the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. An Indiana state jury convicted Prince of murder; the judge sentenced him to a prison term of 40 years. The Indiana Court of Appeals affirmed his conviction and the Indiana Supreme Court denied transfer. Prince then brought a petition for a writ of habeas corpus in the district court. The basis of his claim was that the jury venire did not represent a fair cross-section of the population. Specifically, one out of the 50 people on the venire was black, thereby making the venire 2% black, while approximately 10% of the county in which Prince was tried is black. (According to Prince, 75 people were selected for the jury venire but only 50 were available to serve. He claims that only one of the 75 people selected was black.) Prince asserts that the underrepresentation of blacks on the venire, which he claims was caused by a method of selection (calling potential jurors from voter registration lists) that resulted in the systematic underselection of blacks for venires, violated his constitutional right, rooted in the Sixth Amendment, to be tried by a jury chosen from a venire that represents a fair cross-section of the population.
 
 
 2
 The district court denied Prince's petition. The court construed Prince's petition as raising both a Sixth Amendment fair cross-section claim and a Fourteenth Amendment equal protection claim and concluded that relief was not merited on either basis. On appeal, although Prince mentions the Fourteenth Amendment, he limits his argument to his Sixth Amendment claim of being denied an impartial jury. We now examine that claim.
 
 
 3
 A federal court may grant a writ of habeas corpus on a claim that was adjudicated in state court only if the state court's adjudication:
 
 
 4
 (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
 
 
 5
 (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
 
 
 6
 28 U.S.C. § 2254(d). This standard is based on legislation that took effect on April 24, 1996, which is after Prince filed his petition. However, we have held that the amended version of § 2254(d) applies to cases, such as this one, that were pending on that date. Lindh v. Murphy, 96 F.3d 856, 865 (7th Cir.1996) (en banc ), cert. granted in part, 117 S.Ct. 726 (Jan. 10, 1997) (No. 96-6298).
 
 
 7
 The Indiana Court of Appeals reached the merits of Prince's Sixth Amendment claim. In so doing, the court did not resolve any factual disputes and therefore we need not concern ourselves with § 2254(d)(2); we review the court's opinion under § 2254(d)(1). The court analyzed Prince's claim using the criteria identified by the Supreme Court as applicable to claims that the venire did not represent a fair cross section of the community. See Prince v. Indiana, No. 71A03-9211-CR-384 (Ind.Ct.App. Jan. 27, 1994). That standard holds that a violation will be found if: " '(1) the group alleged to be excluded is a 'distinctive' group in the community; (2) the representation of the group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) [the] underrepresentation is due to systematic exclusion of the group in the jury-selection process.' " Duren v. Missouri, 439 U.S. 357, 364 (1979). The Indiana court concluded that Prince had failed to show that the county's method of choosing venires from the pool of registered voters resulted in the systematic exclusion of blacks. The court cited the deposition of the county auditor, who stated that he believed the percentage of black registered voters was close to the percentage of the county's population that was black.
 
 
 8
 We conclude that the state court did not reach a result that was contrary to or resulted in an unreasonable application of federal law as interpreted by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). The Indiana court correctly stated the doctrine, enunciated in Duren, 439 U.S. at 364, that governs fair cross-section claims. The Indiana court's application of this standard was also reasonable. Because a defendant must show all three criteria stated in Duren in order to prevail, his failure to show any one of them is grounds for a court to deny relief. Here, the Indiana Court of Appeals concluded that Prince had failed to establish the third element, namely that the county's use of voter registration rolls resulted in systematic exclusion of blacks from venires (i.e. that such underrepresentation was "inherent in the particular jury-selection system"). Duren, 439 U.S. at 366.
 
 
 9
 Prince presented evidence of the composition of the jury venire in his own case, which in itself does not prove systematic exclusion. Cf. id. (finding that defendant satisfied the systematic exclusion element by "demonstrat[ing] that a large discrepancy occurred not just occasionally but in every weekly venire for a period of nearly a year...."). In his appellate brief, he also relies on the testimony of the court bailiff given at a hearing on Prince's Motion to Correct Errors that the percentage of blacks serving on petit juries is consistently less than their percentage in the community. Even if this evidence is properly before us (the testimony is not included in the record on appeal), testimony regarding the makeup of trial juries is not sufficient to demonstrate a systematic exclusion of blacks from venires. Finally, Prince argues that because the county does not include a question about race on the questionnaires that it mails to potential jurors, he has no way to demonstrate systematic exclusion of black from venires and that it would be better practice for the county to supplement the voter registration lists with information from which one could garner the individual's race. Whether this would be a better practice is beside the point, however, for Prince has failed to show that the current practice violates the constitutional fair cross-section requirement. The Sixth Amendment requires an impartial jury, and that requirement is satisfied so long as the method of selecting venires does not systematically prevent the selection of a reasonably representative sample of distinctive groups. It does not require the state to adopt a method of ensuring that every venire have a racial composition that perfectly mirrors the community. We conclude that the state court's adjudication of Prince's constitutional claim satisfied the requirements of § 2254(d) and affirm the district court's denial of Prince's petition.
 
 
 10
 We note also that if we were to apply the standards that governed prior to the April 24, 1996 effective date for amendment to 28 U.S.C. § 2254(d), we would reach the same result. Under the prior law, federal courts were required to make an independent determination as to whether the state violated the petitioner's constitutional rights, as opposed to merely evaluating the state court's determination on this issue. Our independent assessment of the record and arguments on appeal leads us to conclude that Prince has failed to establish the third element of the test put forth in Duren. Thus, we would have affirmed the district court's order under the more lenient standard that applied prior to April 24, 1996.
 
 
 11
 AFFIRMED.
 
 
 
 d
 Prince also named Pamela Carter, the Indiana Attorney General, as a respondent. A petitioner, such as Prince, who is currently incarcerated should name only his custodian as respondent. 28 U.S.C. § 2254, Rule 2(a). Therefore, we have dismissed Pamela Carter as a party to this case
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)